UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY B. SALISBURY,

        Plaintiff,

v.

                                                           Case No. 10-12896
JOYCE B. PARKER,                            Honorable Julian Abele Cook, Jr.

        Defendant.

ORDER

The Plaintiff, Larry Salisbury, filed this complaint on July 22, 2010, in which he contended that the Local Government Fiscal Responsibility Act, Mich. Comp. Laws § 141.1201 *et seq.*, and the administrative decisions made by the Defendant, Joyce Parker, in reliance upon this statute violate the separation of powers doctrine of the United States Constitution and the separation of powers clause of the Michigan Constitution, Mich. Const. 1963 art. II, § 3.

On September 3, 2010, Parker filed a motion to dismiss, in which she argued that Salisbury (1) does not have standing to bring this action in a federal court; and (2) has failed to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6). Moreover, it is her position that the Court lacks jurisdiction because (1) she is entitled to qualified immunity for the actions that form the basis of Salisbury's complaint, Fed. R. Civ. P. 12(b)(1), (2), and (6); and (2) this lawsuit is barred by the Eleventh Amendment to the United States Constitution.

I.

1

It should be initially noted that some of Salisbury's pleadings – or parts thereof – must be disregarded by the Court because of his failure to comply with certain federal procedural requirements. Acting on the parties' stipulation, the Court extended the deadline on which Salisbury was obligated to respond to Parker's dispositive motion to October 29, 2010. Notwithstanding this extension of time, Salisbury failed to file his response until November 1, 2010.

In her reply, Parker also noted that the text of Salisbury's response incorrectly relied upon a "first amended complaint." However, it should be noted that Salisbury did not (1) request or obtain any authority (leave) to amend his pleading; or (2) file a proposed amended complaint with the Court or attempt to serve it upon Parker.

On November 23rd – two and a half months after Parker filed her motion to dismiss and three weeks after Salisbury filed his response to this motion – he, in a presumed effort to rectify his procedural missteps, filed (1) a motion for leave to amend his complaint, and (2) a second response to Parker's motion to dismiss. The Court denied Salisbury leave to amend, after having determined that Parker would be unduly prejudiced by the proposed amendment which, if granted, would dramatically expand his claims for relief.[1] In addition, the Court noted that Salisbury delayed his request to amend the complaint until a mere nine days prior to the motion hearing. Moreover, Salisbury, in seeking relief from the Court, gave no explanation for his delay in filing this motion or his failure to include the new claims in his original complaint. Therefore, the Court will disregard Salisbury's second response in its entirety, and his first response to Parker's dispositive motion will be disregarded to the extent that it refers to those facts and arguments raised only in

---

[1] The first complaint contained only one count, whereas the proposed amended complaint by Salibury incorporated eighteen counts.

2

his amended complaint.[2] Fed. R. Civ. P. 12(f)(2) (allowing court to strike any matter from pleading that is impertinent or immaterial). Although Salisbury's first response was untimely, E.D. Mich. LR 7.1(e)(1), the Court will nevertheless take the arguments raised therein under consideration.

II.

Parker submits that this action should be dismissed because Salisbury lacks standing to bring this lawsuit. The Court agrees.

Article III, § 2 of the United States Constitution limits federal judicial power to cases and controversies, and an essential element of the case-or-controversy requirement is that a litigant must have standing to bring a particular dispute before the court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) ("[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III."). In order to properly invoke federal court jurisdiction, a litigant bears the burden of demonstrating that (1) he has suffered an injury; (2) the injury is fairly traceable to the defendant's conduct; and (3) a favorable court decision is likely to redress the injury. *Id.* at 560-61. To confer standing, the alleged injury must consist of the invasion of a legally protected interest that is (1) concrete and particularized, in that it affects the litigant in a personal and individual way, and (2) actual or imminent, as opposed to conjectural or hypothetical. *Id.* at 560.

Parker submits that Salisbury has not established any of the three elements which have been

---

[2] In striking the material that refers to facts and arguments not raised in the original complaint, the Court acts on its own, Fed. R. Civ. P. 12(f)(1), as Parker's request to strike was improperly raised simultaneously with – rather than before – her responsive pleading. Rule 12(f)(2) requires a motion to strike to be filed before responding to the challenged pleading. *See L & L Gold Assocs. v. Am. Cash for Gold*, No. 09-10801, 2009 WL 1658108, at *2 (E.D. Mich. June 10, 2009) (denying request to strike as untimely because it was filed as part of, rather than before, responsive pleading).

crafted by the *Lujan* Court. In response, Salisbury disagrees, contending that he does have standing because Parker, acting under color of the challenged law, denied him equal protection of the law on the basis of his race. This allegation, however, does not appear anywhere in his original complaint. Rather, this argument appears to have been based on the facts and arguments that were first raised in the proposed amended complaint. As discussed above, these arguments have been disregarded by the Court. Therefore, with no alleged injury-in-fact remaining, Salisbury has failed to meet his burden of establishing the required elements of standing. Inasmuch as Salisbury has failed to establish that he has standing to bring this challenge, the Court must, and does, grant Parker's motion to dismiss.

## II.

Parker also argues that, even if Salisbury did have standing to bring this claim, the Court lacks jurisdiction to hear the case because it is barred by the Eleventh Amendment. The Supreme Court has interpreted the Eleventh Amendment to grant sovereign immunity to the states which prohibit citizens of any state or foreign country from bringing lawsuits against states in federal courts. *Edelman v. Jordan*, 415 U.S. 651 (1974). Salisbury counters by maintaining that, on the basis of the *Ex Parte Young* exception, his claims in this action are not barred. In making this argument, he points out that this action was brought against a state officer who had acted in her official capacity - not against the state. 209 U.S. 123 (1908). The *Ex Parte Young* doctrine provides a limited exception to the sovereign immunity bar, in that litigants may bring a lawsuit by naming the relevant state officer as the defendant. However, there are certain limitations on the operation of the *Ex Parte Young* exception that are relevant here.

First, the *Ex Parte Young* exception does not extend to an exercise of supplemental

jurisdiction by the court. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984). Thus, the Eleventh Amendment precludes federal courts from enjoining state officials who are acting in violation of state law. *Id.* Therefore, to the extent that Salisbury's complaint hinges on the Michigan Constitution, it is barred by the Eleventh Amendment.

Second, the applicability of the exception depends upon the form of relief sought. Where any monetary damages awarded would come out of the state treasury, "the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants." *Ford Motor Co. v. Dep't of the Treasury*, 323 U.S. 459, 464 (1945), *overruled on other grounds by Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613 (2002). However, where damages would be paid out of the nominal defendant's own pocket, the Eleventh Amendment is no bar to litigation. *Foulks v. Ohio Dep't of Rehab. & Corr.*, 713 F.3d 1229 (6th Cir. 1983). In such cases, however, state officers may be able to claim absolute or qualified immunity.[3] With respect to declaratory or injunctive relief, the Eleventh Amendment does not bar lawsuits against state officers in their official capacities where the relief is prospective, but it does preclude such legal action where the relief would be retrospective. *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989). Thus, to the extent that Salisbury seeks prospective declaratory or injunctive relief pursuant to the federal – as opposed to Michigan – constitution, his claim would not be barred.

III.

While the *Ex Parte Young* exception dictates that - because Salisbury has named a state

---

[3] In light of the disposition of Parker's motion by the Court, there is no need to consider her additional argument; namely, that she is entitled to qualified immunity with respect to Salisbury's claims.

officer rather than the State of Michigan as the Defendant - the Eleventh Amendment does not bar him from seeking prospective injunctive or declaratory relief under the United States Constitution, this claim nevertheless fails because the federal separation of powers doctrine does not apply to state actions. *See Sweezy v. New Hampshire,* 354 U.S. 234, 254 (1957) ("[T]his Court has held that the concept of separation of powers embodied in the United States Constitution is not mandatory in state governments."); *Wartella v. Ward*, No. 94-74305, 1996 WL 426471, at *3 (E.D. Mich. Apr. 5, 1996), *aff'd* No. 96-1610, 1997 WL 434397 (6th Cir. 1997) (dismissing § 1983 claim alleging violation of separation of powers doctrine because "the Constitution does not, however, mandate that the States must follow the separation of powers doctrine. *Sweezy v. New Hampshire*, 354 U.S. 234, 254 (1958). Consequently, [p]laintiff has failed to state a claim on this cause of action and it will be dismissed"); *see also Sturdivant v. White*, No. 04-74709, 2006 WL 1521924, at *4 (E.D. Mich. May 30, 2006) (habeas corpus claim based on federal separation of powers doctrine not cognizable because the doctrine is not mandatory in state governments).

Therefore, to the extent that Salisbury's claim is premised upon the separation of powers principle which is enshrined in the United States Constitution, it must be, and is, dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

## IV.

Because Salisbury's original complaint alleges only violations of the federal and state separation of powers doctrines, and because (1) the state-based claim is barred by the Eleventh Amendment, and (2) the federal claim fails to state a claim upon which relief can be granted, Salisbury's complaint – even if he were found to have established his standing to prosecute it – must be, and is, dismissed.

IT IS SO ORDERED.

Dated: <u>January 4, 2011</u>　　　　　　　　　　　<u>s/Julian Abele Cook, Jr.　　　　　</u>
　　　　　Detroit, Michigan　　　　　　　　　　　JULIAN ABELE COOK, JR.
　　　　　　　　　　　　　　　　　　　　　　　　United States District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on January 4, 2011.

　　　　　　　　　　　　　　　　　　　　　　　　<u>s/ Kay Doaks　　　　</u>
　　　　　　　　　　　　　　　　　　　　　　　　Case Manager